**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

    Plaintiff-Respondent,

v.                                                       No. CIV-05-0166 BB/RLP
                                                              CR-00-1424 BB

ARTURO NATERA,

    Defendant-Movant.

MEMORANDUM OPINION AND ORDER

       This matter is before the Court for preliminary consideration of Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 486) filed February 14, 2005. *See* 28 U.S.C. § 2255 R. 4(b). A jury found Defendant guilty of drug charges in a multi-count indictment. On February 17, 2004, the Tenth Circuit affirmed Defendant's conviction and sentence. *See United States v. Cobos*, Nos. 02-2222, 02-2237, 2004 WL 296971, at **6 (10th Cir. Feb. 17, 2004).

       In his appeal, Defendant asserted claims of illegal sentence under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), insufficiency of evidence of manufacturing methamphetamine within one thousand feet of a school, and ineffective assistance of counsel. *See Cobos*, 2004 WL 296971, at **1. The Court of Appeals for the Tenth Circuit dismissed the claim of ineffective assistance and affirmed on the other two issues. *Id*. at **6. In his § 2255 motion, Defendant asserts four claims of ineffective assistance. He alleges his attorney failed to argue (1) the alleged *Apprendi* violation, (2) insufficiency of evidence of knowledge of drug manufacturing near a school, (3) insufficiency of evidence of drug

quantity, and (4) any of Defendant's substantive issues on appeal. Defendant also claims his sentence is unconstitutional under *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004).

## A. Assistance of Counsel

Defendant's allegations of ineffective assistance of counsel do not withstand scrutiny. The Court assumes, for purposes of this opinion only, that Defendant's attorney did not make the arguments as alleged above. "To establish ineffective assistance of counsel, a defendant must show both that his counsel's performance was constitutionally deficient, and that this deficient performance prejudiced him." *United States v. Harfst*, 168 F.3d 398, 402 (10th Cir. 1999). The Court "may address the performance and prejudice components in any order, but need not address both if [Defendant] fails to make a sufficient showing of one." *Cooks v. Ward*, 165 F.3d 1283, 1292-93 (10th Cir. 1998) (citing *Strickland*, 466 U.S. at 697). These claims will be dismissed.

Defendant argues that counsel should have made an argument under *Apprendi* at sentencing. This claim is precluded by the Tenth Circuit's ruling on Defendant's *Apprendi* argument on appeal: "[W]e can find no *Apprendi* violation here." *Cobos*, 2004 WL 296971, at **3. Because Defendant did not have a viable *Apprendi* claim against his sentence, he was not prejudiced by his attorney's failure to raise the issue.

Defendant claims his attorney failed to demonstrate to the trial court that there was insufficient evidence of Defendant's knowledge of drug manufacturing within one thousand feet of a school. He points to trial testimony that, he argues, contradicts evidence of his knowledge and of the distance to the school. The Tenth Circuit ruled that there was sufficient evidence of both factors, and Defendant's allegations do not demonstrate a likelihood of the "ultimate success of the

argument." *United States v. Harfst*, 168 F.3d 398, 404-05 (10th Cir. 1999).  Defendant cannot establish prejudice by this argument.

Defendant also claims his attorney failed to argue that there was insufficient evidence of the amount of drugs for which he was held responsible.  He argues that "the Government's only evidence was the inherently incredible testimony of four convicted drug felons," and that his attorney did not attempt to obtain expert testimony on his behalf.  As noted by the Tenth Circuit, Defendant was sentenced "well within the range permitted under 21 U.S.C. § 841(b)(1)(C)," *Cobos*, 2004 WL 296971, at **5, and thus there was no requirement of proof of such specific amounts.  Here again, Defendant fails to establish prejudice.

Defendant contends that counsel should have pursued Defendant's substantive claims on appeal.  Instead, counsel filed a brief under *Anders v. California*, 386 U.S. 738 (1967), asserting that he "could discern no meritorious basis for appeal." *Cobos*, 2004 WL 296971, at **3.  The Court of Appeals likewise found no merit in Defendant's arguments, *id*. at **3, **4, and granted counsel leave to withdraw from representation, *id*. at **6.  Because the Court of Appeals expressly confirmed counsel's opinion of Defendant's claims, counsel's performance in not arguing those claims on appeal was not constitutionally deficient.  Defendant's claims of ineffective assistance of counsel will be dismissed.

### B.  *Blakely* claim

Defendant asserts that his sentence is unconstitutional under the Supreme Court's decision in *Blakely v. Washington*, --- U.S. ---, 124 S. Ct. 2531 (2004).  The ruling in *Blakely* is not available to Defendant on collateral review of his criminal conviction.  *See United States v. Price*, 400 F.3d 844, 849 (10th Cir. 2005) (ruling that *Blakely* ruling is not retroactive to convictions final before June

3

24, 2004). Furthermore, the recent decision in *United States v. Booker*, --- U.S. ---, 125 S. Ct. 738 (2005), which declares the mandatory application of the Sentencing Guidelines unconstitutional, *see id.* at 764, applies only to pending cases and those on direct review, *see id.* at 769; *see also Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005). This claim will be dismissed.

IT IS THEREFORE ORDERED that Defendant's motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (CV Doc. 1; CR Doc. 486) filed February 14, 2005, is DISMISSED with prejudice; and, pursuant to Fed. R. Civ. P. 58(a)(2)(A)(iii), *United States v. Sam*, No. 02-2307, 2003 WL 21702490, at *1 (10th Cir. July 23, 2003), judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE